730 So.2d 734 (1999)
Ronald D. JANSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3099.
District Court of Appeal of Florida, Fifth District.
March 5, 1999.
Rehearing Denied March 26, 1999.
James T. Miller, Jacksonville, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kelli R. Orndorff, Assistant Attorney General, Daytona Beach, for Appellee.
GOSHORN, J.
Ronald Janson appeals his conviction on charges of first-degree arson and burning to defraud an insurer. He raises several issues on appeal, only one of which merits discussion.
Janson argues that the trial court erred in allowing the jury, over objection, to have the transcript of two witnesses in the jury room. We agree this was error. Florida Rule of Criminal Procedure 3.400, "Materials to the Jury Room," lists the items the jury is allowed to have in the jury room, and it does not include trial transcripts. Although it would have been proper to reread the testimony to the jury in the courtroom, apparently no Florida case has considered the effect of allowing the jury to review the transcript of a witness's testimony in the jury room. Guidance may be found, however, in Young v. State, 645 So.2d 965 (Fla.1994) wherein the supreme court considered the effect of allowing videotaped interviews of the child victims which were admitted into evidence to be taken into the jury room and reviewed during deliberations. The court wrote that
allowing a jury to have access to videotaped witness statements during deliberations has much the same prejudicial effect as submitting depositions to the jury during deliberations. By permitting the jurors to see the interview once again in the jury room, there is a real danger that the child's statements will be unfairly given more emphasis than other testimony. Furthermore, unlike testimony in open court or even deposition testimony, the interviews are conducted on an ex parte basis without the right of cross-examination. Thus, we hold that videotaped out-of-court interviews with child victims introduced into evidence under section 90.803(23) shall not be allowed into the *735 jury room during deliberations. When faced with a similar issue, the Supreme Court of Wyoming reached the same conclusion. Chambers v. State, 726 P.2d 1269 (Wyo.1986). Contra State v. Kraushaar, 470 N.W.2d 509 (Minn.1991); State v. Jennings, 815 S.W.2d 434 (Mo.Ct.App.1991). Our ruling would not prevent the trial judge from allowing the jury to view the videotape a second time in open court upon request pursuant to rule 3.410.
Id. at 967-68.
We believe that the same rationale applies to transcripts allowed in the jury room. Having found error, we must now consider whether that error is reversible. Just as the supreme court in Young found that allowing the videotape to go to the jury room was not per se reversible error, we find that allowing a witness's transcribed testimony in the jury room is likewise, not per se reversible.
After review of the entire record, we find that there was overwhelming and unrebutted evidence of Defendant's guilt. There is no reasonable possibility the error contributed to the conviction and therefore we find the error harmless beyond any reasonable doubt. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).
AFFIRMED.
COBB and W. SHARP, JJ., concur.