PER CURIAM.
Janson appeals from the circuit court’s denial of his Florida Rule of Criminal Procedure 3.850 motion. This is his fifth post-conviction proceeding, following his conviction for first-degree arson and burning to defraud the insurer.[1] His direct appeal terminated with an affirmance with opinion by this court.[2] We affirm.
In his motion, Janson argued that the trial judge was guilty of unprofessional judicial conduct under Canon 2.[3] We agree with the circuit judge that the judicial conduct complained of was not a violation of the Code of Judicial Ethics, and Janson failed to show how the alleged acts undermined the reliability of the jury verdict.
Janson also argued in his motion that the state attorney for the Fourth Judicial Circuit, who prosecuted the case, was improperly assigned to that position for more than six months. The trial court ruled this claim was one that should have been raised on direct appeal. See Fla. R.Crim. P. 3.850(c); § 924.051(5), Fla. Stat. We agree. We note that this same argument was also raised unsuccessfully in Janson’s petition for writ of habeas corpus seeking a belated appeal. Janson v. State, No. 00-2600 (Fla. 5th DCA Oct. 3, 2000).
We caution Janson against filing further successive and improper proceedings seeking to collaterally attack his arson and burning to defraud the insurer convictions and sentences. See O’Brien v. State, 689 So.2d 336 (Fla. 5th DCA 1997) (Criminal Appeal Reform Act of 1996 intends that terms and conditions of collateral review and procedural bars to collateral review be strictly enforced). See also Jackson v. Florida Dep’t of Corrections, 26 Fla. L. Weekly S169, — So.2d -, 2001 WL 252147 (Fla. Mar. 15, 2001) (because of defendant’s abuse of process, court will no longer admit for filing any actions he submits without representation by a member in good standing with The Florida Bar); Ray v. State, 776 So.2d 369 (Fla. 5th DCA 2001) (based on numerous and successive meritless pro se filings, defendant precluded from filing additional pleadings relating to his convictions and sentences unless reviewed and signed by a licensed Florida attorney).
AFFIRMED.
SHARP, W., GRIFFIN and ORFINGER, R.B., JJ., concur.

. §§ 806.01(1); 817.233, Fla. Stat. (1995).

. Janson v. State, 730 So.2d 734 (Fla. 5th DCA 1999), rev. denied, 767 So.2d 457 (Fla.2000).

. The judge engaged the various jurors in conversation regarding a Ford hunting truck he owned, and the fact he had been part of the architectural committee when the courtrooms were designed, and he invited the jurors to tour his chambers if defense counsel did not object.