DAMOORGIAN, J.
Flavio Tomas appeals his conviction and sentence for sexual battery on a person less than twelve years of age and lewd and lascivious molestation. Tomas raises three issues on appeal: 1) the improper use of a foreign language transcript and recording; 2) failure to conduct a timely Nelson[1] hearing; and 3) the preclusion of certain testimony regarding the victim and her mother. We affirm.
With respect to the first issue, the State during trial introduced a recording of Tomas’s custodial interrogation by police, in which Tomas made incriminating admissions. Tomas spoke in Spanish during the interview, and the State was permitted to use an unauthenticated transcript of the English translation of the interview at trial. A copy of the translation was also provided to each juror, and the jury had the translation during deliberations. Tomas argues that the trial court erred when it allowed the jury access to the transcript of the translated interview during deliberations. Moreover, Tomas alleges that the error was compounded by the fact that the court failed to instruct the jury on the use of a foreign language recording.[2]
We begin our analysis by noting that Tomas did not object to the jury having access to the translation, he never requested the standard foreign language instruc *1088 tion, nor did he argue that the translation was in fact inaccurate. Accordingly, Tomas claims fundamental error.
In response, the State argues that the Florida Supreme Court has held that the “[ffeilure to give an instruction unnecessary to prove an essential element of the crime charged is not fundamental error.” Sochor v. State, 619 So.2d 285, 290 (Fla.1993). In this case, the foreign language recording instruction did not go to an essential element of the offenses charged. Therefore, Tomas cannot establish that the trial court committed fundamental error by failing to give the instruction.
As for the jury having access to the translation during deliberations, the State correctly points out that Tomas consented to the jurors having the translation during deliberations.[3] Even if the trial court erred by allowing the transcript of the Tomas’s taped statement into the jury room, the error was invited. Under the rule of invited error, “ ‘a party may not make or invite error at trial and then take advantage of the error on appeal.’ ” Sheffield v. Superior Ins. Co., 800 So.2d 197, 202-03 (Fla.2001) (quoting Goodwin v. State, 751 So.2d 537, 544 n. 8 (Fla.1999)).
We also conclude that the error was not fundamental. See Janson v. State, 730 So.2d 734, 735 (Fla. 5th DCA 1999) (allowing a transcript into the jury room is not per se reversible); see also Young v. State, 645 So.2d 965, 968 (Fla.1994) (“We do not suggest that allowing the videotape [of a witness’s testimony] to go to the jury room was fundamental error.”).
Tomas argues that the “cumulative prejudice from these errors require[s] a finding that the fairness of the proceedings was compromised to the extent that a new trial is required.” Tomas cites Davis v. State, 937 So.2d 273 (Fla. 4th DCA 2006) and Fuller v. State, 540 So.2d 182 (Fla. 5th DCA 1989), which are both distinguishable. Davis and Fuller involved multiple prejudicial errors allowed by the trial court that resulted in fundamental error. In Davis, such errors included improper closing arguments, comments on the witnesses’ credibility, and improper questioning about the defendant’s prior felony convictions. See Davis, 937 So.2d at 277. Here, the trial court was not required to give the instruction on the foreign language recording, and Tomas invited the error of the transcript entering the jury room.
Next, Tomas claims that the trial court failed to conduct a sufficient Nelson hearing on his two written complaints to the trial court about the effectiveness of his trial counsel. In Tomas’s first letter, he only complained about the lack of communication with his defense attorney, he never raised specific instances of attorney incompetence, and most importantly, he did not request a new attorney. Tomas’s second letter was not sent to the State Attorney’s Office or to Tomas’s trial counsel. Tomas stated that his counsel did not visit him enough and that he felt ignored by his counsel. In his second letter, Tomas requested appointment of another attorney.
In resolving this issue, we are guided by our holding in Sheffield v. State, 769 So.2d 493 (Fla. 4th DCA 2000). In Sheffield, we concluded, under circumstances similar to this case, that:
Prior to trial, appellant filed a handwritten motion to discharge the assistant public defender who was representing him. However, he never called the motion to the court’s attention. He never *1089 asked for a hearing on the motion. He proceeded to trial with the same public defender, without voicing any objection to the trial court. Under these circumstances, appellant waived his right to have the trial court conduct a hearing under Nelson v. State, 274 So.2d 256, 259 (Fla. 4th DCA 1973). See Kinzie v. State, 696 So.2d 530, 530-31 (Fla. 4th DCA 1997).
Id. at 493. Tomas filed a handwritten request for counsel, but never asked for a hearing. He proceeded to trial with the same attorney without voicing any objections to the trial court. Furthermore, the trial court noted that it did not actually receive a letter from Tomas or any correspondence within the terms of the Nelson hearing. Accordingly, Tomas waived his right to have the trial court conduct a Nelson hearing. Cf. Penn v. State, 51 So.3d 622, 623 (Fla. 2d DCA 2011) (holding that defendant had been entitled to a Nelson hearing because even though the attorney did not specifically ask for a Nelson hearing, “the record leaves no doubt that the attorney was asking for such a hearing” right before trial).
Finally, Tomas complains that the trial court should have allowed him to introduce the victim’s testimony that she sometimes told lies to get out of trouble, and that the victim’s relationship with her mother was not good.
The victim’s “prior bad acts” of lying are not admissible for purpose of impeachment. “The plain language of section 90.610, Florida Statutes, authorizes impeachment with only prior convictions; there is no exception written into or considered by the statute.” Roebuck v. State, 953 So.2d 40, 43 (Fla. 1st DCA 2007); see also Washington v. State, 985 So.2d 51, 52 (Fla. 4th DCA 2008) (holding that trial court did not abuse its discretion by preventing the introduction of evidence that the victim submitted a false police report).
More recently, the Florida Supreme Court in Pantoja v. State, 59 So.3d 1092 (Fla.2011), held that a defendant charged with sexual battery against a child was not entitled to cross-examine the victim about a prior accusation of molestation that she made against her uncle. Id. at 1096-97 (“ ‘The only proper inquiry into a witness’s character for impeachment purposes goes to the witness’s reputation for truth and veracity.’ ”) (quoting Fernandez v. State, 730 So.2d 277, 282 (Fla.1999)). The testimony that Tomas’s attorney was attempting to elicit did not relate to the victim’s reputation for truth and veracity.
Tomas argues that the inquiry into the victim’s relationship with her mother was relevant to establish the motive behind the accusations of the victim. See § 90.401, Fla. Stat. (2010) (“Relevant evidence is evidence tending to prove or disprove a material fact.”). Tomas acknowledges that the evidence code grants a trial court wide discretion to permit the introduction of evidence relating to the motive of the victim. See King v. State, 89 So.3d 209, 224 (Fla.2012) (A “trial court has broad discretion in determining the relevance of evidence, and such a determination will not be disturbed absent an abuse of discretion.”). Even if the trial court erred by excluding the evidence above, the error was harmless because Tomas admitted to committing the crimes in his recorded interview. See Hughes v. State, 819 So.2d 815, 815-16 (Fla. 1st DCA 2002) (holding that the two errors committed at trial were harmless because the defendant admitted to committing the lewd and lascivious acts upon the child).

Affirmed.

MAY, C.J., and CONNER, J„ concur.

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).

. Standard Jury Instruction 2.12, adopted in 2006, provides that the foreign language instruction advises the jury to rely upon the translation in evidence and not upon its own independent translation. See In re Standard Jury Instructions In Criminal Cases (No.2005-7), 937 So.2d 1092, 1092-93 (Fla.2006).

. See Janson v. State, 730 So.2d 734, 734 (Fla. 5th DCA 1999) (“Florida Rule of Criminal Procedure 3.400, 'Materials to the Jury Room,’ lists the items the jury is allowed to have in the jury room, and it does not include trial transcripts.”).