CIKLIN, J.
The state appeals Alexis Collazo’s sentence, in which the trial court declined to impose a three-year mandatory minimum for possession of a firearm by a convicted felon. The mandatory-minimum sentence was only available for actual possession of a firearm. Because the jury was instructed on both actual and constructive possession — and was not provided a special interrogatory or verdict form to indicate which theory of possession it used to find Collazo guilty — it is unclear as to whether the jury found Collazo to have actually possessed a firearm. Therefore, we affirm.
The state charged Collazo with a single count of possession of a firearm by a convicted felon. Pursuant to section 775.087(2)(a)1.r, Florida Statutes (2009), the state sought a three-year mandatory-minimum sentence for actual possession of a firearm by a felon.
The case proceeded to trial on January 25, 2011. Broward County Sheriffs Deputy Joseph Sedawie testified that he was driving in the Dania Beach area on the evening of October 25, 2009 looking for a suspect connected to a recent commercial theft. The deputy pulled into an alleyway and saw a male and female walking toward the deputy’s vehicle. Deputy Sedawie smelled the odor of marijuana, so he got out of his vehicle to investigate, at which point he observed the male “reach down to his left ankle and retrieve a shiny metal object and discard it approximately a foot away from him into a bush line that he was *418 standing by.” Deputy Sedawie identified Collazo as the male in the alleyway that night.
No more than a minute later, Deputy Sedawie found a .22 caliber firearm in the bushes near where he observed Collazo toss the shiny object. Deputy Sedawie testified that Collazo denied that the firearm was his and claimed instead that he was smoking a marijuana cigar and that was the object he discarded into the bushes. Deputy Sedawie recalled searching the area for a marijuana cigar but found nothing other than the gun.
Upon reviewing Collazo’s criminal background at the scene, Deputy Sedawie discovered that Collazo was a convicted felon and arrested him. The firearm was not processed for fingerprints because it was wet.
Collazo’s wife testified that on the night in question she and her husband walked their dogs, during which time Collazo smoked a marijuana cigar. She testified that she was certain her husband did not have a gun on his person. Finally, Collazo testified in his own defense. He denied having a gun at any point and said that he knew that he could not possess one.
After both sides rested, the state and defense counsel discussed and negotiated proposed jury instructions. These discussions were not on the record. During the charge conference, they presented the jury instructions, which included instructions on both actual and constructive possession of a firearm. After closing arguments, the trial court then instructed the jury pursuant to the agreed-upon instructions, which included both actual and constructive possession. The attorneys also discussed the verdict form with the trial court. They disagreed primarily over how to exclude language from the verdict form relating to lesser included offenses. Neither side addressed whether to include a special interrogatory or special verdict form. The jury returned a verdict finding Collazo guilty of possession of a firearm by a convicted felon. The jury was not presented with a special interrogatory or special verdict form to indicate which theory of possession it used to determine guilt.
Prior to the sentencing hearing, defense counsel filed a memorandum advising the trial court that the mandatory-minimum statute was not applicable because the jury’s verdict did not clearly reflect a finding that Collazo was in actual possession of a firearm. At the sentencing hearing, the trial court agreed with Collazo and found that because the jury was instructed on both actual and constructive possession, it was impossible to discern on what possession theory the jury convicted Collazo without a special interrogatory or verdict form. The trial court did not impose the three-year, mandatory-minimum sentence, and instead imposed a sentence of five years’ probation, which the state appeals. See Fla. R.App. P. 9.140(c)(1)(M).
“The standard of review for the legality of a criminal sentence is de novo.” State v. Valera, 75 So.3d 330, 331-32 (Fla. 4th DCA 2011).
Section 775.087(2)(a)1.r., Florida Statutes (2009), provides that an individual convicted of possession of a firearm by a convicted felon shall be subject to a three-year mandatory-minimum sentence; however, it is only applicable if the defendant is found to have been in actual possession of a firearm. See Banks v. State, 949 So.2d 353, 355 (Fla. 4th DCA 2007) (“To impose a three-year mandatory minimum sentence ... the factfinder must make a specific finding of actual possession.”).
In the instant case, we cannot say that the jury made a specific finding of actual possession because the jury was instructed on both actual and constructive *419 possession and returned a general verdict which did not indicate which theory of possession it used. The state invited this error by acquiescing to this instruction. See Tomas v. State, — So.3d —, 2012 WL 1605294 (Fla. 4th DCA 2012) (“Under the rule of invited error, a party may not make or invite error at trial and then take advantage of the error on appeal.” (citation and internal quotation marks omitted)).
Therefore, we affirm the sentence without the mandatory minimum.

Affirmed.

TAYLOR and GERBER, JJ., concur.