VAN NORTWICK, J.
Kenneth B. Williams challenges his judgment and sentence, as well as a related finding of violation of probation, arguing that the trial court erred in failing to conduct a Nelson[1] hearing after he requested discharge of his appointed trial counsel. We agree and reverse and remand for further proceedings.
Williams was charged by information with driving while his license was can-celled, suspended, or revoked (count I) and trafficking in amphetamine or methamphetamine (count II). At a pretrial suppression hearing, the following exchange took place between Williams, who was represented by appointed counsel, and the trial, court:
THE DEFENDANT: Yes, sir. I would actually like to make a request, though.
THE COURT: Well, let’s wait we’ll get to that. Do you understand that the *38 State had made an offer, and by going forward, the State is choosing not to offer anything in return for the plea?
THE DEFENDANT: Yes, sir.
THE COURT: Okay. You understand that?
THE DEFENDANT: Yes, sir.
THE COURT: All right. And that’s your desire is to turn down the State’s offer to you?
THE DEFENDANT: Yes, sir.
THE COURT: All right. You wanted to say something. I want to give you that opportunity.
THE DEFENDANT: Yes, sir. I would like to fire my counsel [Ms. Rivers]. I don’t think that she’s in my best interest. In the month of October and November ...
THE COURT: We’ll get to that. Are you ready we have a motion to suppress scheduled for today.
THE DEFENDANT: Yes, sir.
THE COURT: Okay. And, of course, we’re not going to do it for about an hour. You ready to go ahead and do that?
THE DEFENDANT: Yes, sir.
THE COURT: Okay. Now, you’ve never done a motion to suppress yet, but the law is clear, if you wish to go forward and represent yourself, I’m going to let you do that. I’m going to honor your request. Is that what you wish for me to do today?
THE DEFENDANT: No, sir.
THE COURT: Okay. Well, Ms. Rivers will be pleased to represent you with that. In fact, she has to until I tell her she can’t. Do you understand? ,
THE DEFENDANT: Yes, sir.
THE COURT: But I’m willing to honor your request, and you can represent yourself, if you’d like. I’ll let you do that. You just let me know, all right? So have a seat, and we’ll get back to you after you’ve had some time to think about that, all right?
THE DEFENDANT: Yes, sir. (Proceedings held not related to this Defendant)
THE COURT: All right. Ms. Rivers, you had one other matter; is that right?
MS. RIVERS: That’s correct, Your Honor.
THE COURT: And that would be Kenneth Ben Williams, who’s with us?
MS. RIVERS: That’s correct.
THE COURT: All right. Mr. Williams, if you could come forward, please. All right. Mr. Williams, when we left off, you had requested to represent yourself in this case; is that right?
THE DEFENDANT: No, sir.
THE COURT: Is that correct?
THE DEFENDANT: No, sir.
THE COURT: You didn’t? Okay. So you want Ms. Rivers to go forward to represent you in this matter?
THE DEFENDANT: Yes, sir. In this hearing.
The trial court then proceeded with the suppression hearing, wherein Williams was represented by the appointed counsel. The appointed counsel also represented Williams for all subsequent proceedings in the trial court.
Following a jury trial, Williams was found guilty as charged on each count. While the jury was deliberating, the trial court held a violation of probation hearing; based on the testimony from that hearing and the jury verdict, the trial court found Williams violated the terms of his probation, and set both cases for sentencing. The trial court sentenced Williams to 60 days’ imprisonment on count I, 25 years’ imprisonment on count II, and 11 months’ *39 29 days’ imprisonment for the violation of probation. This appeal ensued.[2]
In Brown v. State, 113 So.3d 134, 137-38 (Fla. 1st DCA 2013), we described the appropriate steps that must be undertaken when a criminal defendant asks the trial court to discharge appointed counsel:
An indigent’s right to court-appointed counsel necessarily includes the right to effective representation by counsel. Nelson, 274 So.2d at 258 (citing Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)). If an indigent asks the trial court to discharge court-appointed counsel before the trial commences, then, to protect the right to effective counsel, the court must inquire about the reason for the request. Nelson, 274 So.2d at 258. If incompetency of counsel is given as a reason, the court should sufficiently inquire of the defendant and the attorney to determine whether reasonable cause exists to conclude that counsel is not providing effective legal assistance. Id. at 258-59. Upon reasonable cause for such belief, the court should make a finding on the record, appoint substitute counsel, and allow sufficient time to prepare a defense. Id. at 259.
If no reasonable basis supports a finding of ineffective representation, then the court should say so in the record and inform the defendant that if he or she discharges original court-appointed counsel, then the State will not be required to appoint another lawyer. Id. Where a defendant continues to demand the dismissal of court-appointed counsel, the trial court has the discretion to discharge the attorney and require the defendant to proceed to trial without representation by a court-appointed lawyer. Id. Whether the trial court conducted an adequate Nelson hearing is reviewed for an.abuse of discretion. Kearse v. State, 605 So.2d 534, 536 (Fla. 1st DCA 1992).
“[A] trial court abuses its discretion when it fails to ‘provide the defendant with the opportunity to explain why he or she objects to counsel or fails to conduct the [required] inquiries.’ ” Maderson v. State, 29 So.3d 1184, 1185 (Fla. 1st DCA 2010) (quoting Kearse, 605 So.2d at 536).
Here, the record demonstrates that pri- or to trial, Williams requested the trial court discharge his appointed counsel, but was interrupted by the trial court when it appeared Williams was about to state the reasons for his request. The record further establishes that the trial court misinterpreted Williams’ request as a desire to represent himself, even though Williams stated he did not wish to proceed pro se.
On appeal, the State argues that Williams abandoned his request to discharge appointed counsel when he said he wanted Ms. Rivers to represent him. The record shows, however, that Williams consented to the continued representation of appointed counsel for the purposes of the hearing at hand; he never expressed a desire that Ms. Rivers continue to handle the rest of his case. Had the trial court conducted the required inquiry, it may have determined that Williams’ grounds for discharging appointed counsel were meritless, and Williams could then have properly been given the option of retaining appointed counsel or representing himself. See, e.g., Rutledge v. State, 1 So.3d 1122, 1126-27 (Fla. 1st DCA 2009) (holding that when appointed counsel is discharged where no legitimate grounds exist therefor, the court need not appoint substitute counsel). However, because the trial court *40 neglected to conduct any inquiry as to Williams’ clearly expressed desire to. discharge appointed counsel, the trial court abused its discretion. Accordingly, Williams’ judgment and sentence must be reversed and the case remanded for a new trial. Because the appointed trial counsel to whom Williams objected also represented him at the violation of probation hearing, and the trial court’s finding that Williams violated probation was predicated on the guilty verdict from the trial, the finding that Williams violated his probation must also be reversed and remanded.
Accordingly, we REVERSE Williams’ judgment and sentence, as well as the violation of probation finding, and REMAND for a new trial and new violation of probation hearing.
ROBERTS and CLARK, JJ., concur.

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).

.' By our September 4, 2013 order, we consolidated Williams’ appeal of the violation of probation finding with the direct appeal of his judgment and sentence.