BILBREY, J.
Appellant Norman J. Thompson raises several claims of error regarding his conviction for capital sexual battery. We write to explain our reason for rejecting Thompson’s claim that the trial committed error by not conducting a Nelson[1] hearing. All other claims of error we reject without comment.
Thompson was charged with sexual battery of a 6 year-old girl. Thompson entered a not guilty plea and elected to proceed to trial with his appointed attorney. A pretrial conference before Judge Charles Arnold was conducted on October 3, 2013, with Thompson and his trial attorney present. At the pretrial conference, Thompson’s attorney informed Judge Arnold the attorney’s concern that he may need to request a continuance on the upcoming scheduled day of jury selection due to the serious illness of a close family member. The attorney assessed the prospects of needing a continuance at “50/50.” After Thompson’s attorney informed Judge Arnold of the possibility of needing a continuance, the following exchange— which is the only basis of Thompson’s Nelson claim — occurred:
Defendant Thompson: Excuse me, Your Honor. May I address the court, please?
The Court: Sir?
Defendant Thompson: May I have permission to address Court?
*455 The Court: What I would ask you to do, sir, is first speak to your attorney privately, let your attorney talk to you about what your question is, and then I will possibly entertain that.
Defendant Thompson: My question is concerning—
The Court: But I’m not — but not right now, sir.
Defendant Thompson: But my question is concerning having him dismissed as my attorney.
The Court: All right, sir, I will take that matter up, not right now, sir. Just I have some scheduling issues. Again, I would—
Defendant Thompson: Your Honor, I’ve been incarcerated 19 months as of yesterday.
The Court: All right, sir.
Defendant Thompson: And I have never spoken in your courtroom before.
The Bailiff: Step in the back.
Defendant Thompson: Excuse me?
The Bailiff: Step in the back.
Defendant Thompson: Let me get my pages and pick up my stuff.
The Bailiff: Pick it up. Let’s go.
Defendant Thompson: (Complies).
The pretrial conference concluded, and Judge Arnold did not return to the matter then or at a later time. Ultimately, Thompson’s trial attorney did not need to request a continuance, and the next court proceeding was jury selection on October 7, 2013, which was conducted before Judge Bass. Before jury selection, Judge Bass addressed Thompson to ensure that Thompson knew the charge and the possibility of a life sentence which he faced if found guilty. Thompson had an opportunity to speak to Judge Bass at that time and did not raise any issues with his attorney. Thompson actively participated in jury selection with his attorney and was involved in striking certain panel members. Thompson accepted the jury which he helped select.
The case was then tried as scheduled on October 10 and 11, 2013, before Judge Bass. At the start of the trial Thompson had another opportunity to address the court but did not raise any issues concerning his attorney. After the State rested its case-in-chief, Judge Bass conducted a colloquy with Thompson where he stated his intention to exercise his right to remain silent and that he did not wish to call any other witnesses to testify.
During closing argument a juror became ill and was ultimately excused. Judge Bass consulted Thompson regarding her intention to excuse the juror. The following discussion occurred:
The Court: Do you agree with everything?
Defendant Thompson: Yes, I do.
The Court: Do you have any comment?
Defendant Thompson: No. Everything — I’m okay with everything.
Thompson was found guilty and sentenced to life imprisonment. Other than the one mentioned on October 3, 2013, Thompson does not identify any other instances before the trial court where he sought to address his representation by his trial attorney. Thompson never filed a written motion raising ineffective assistance of counsel or any other complaint regarding trial counsel.
In Hardwick v. State, 521 So.2d 1071, 1074-75 (Fla.1988), superceded on other grounds as recognized in, McKenzie v. State, 29 So.3d 272 (Fla.2010), the Florida Supreme Court adopted a procedure, based on Nelson, for inquiring into a defendant’s request to discharge appointed counsel based on a claim of incompetence. “When faced with a motion to dismiss ap *456 pointed counsel, the court has a duty to ascertain from the defendant whether the request is unequivocal and to explore the reasons behind the request; this is a preliminary Nelson inquiry.” Jackson v. State, 33 So.3d 833, 835 (Fla. 2d DCA 2010) (italics in original).
We find three reasons to reject Thompson’s claim of error by Judge Arnold in not conducting a preliminary Nelson inquiry. First, the request concerning Thompson’s trial attorney was equivocal, and a Nelson inquiry must be made only when there was an unequivocal desire to discharge counsel. Unlike Jackson, or Brown v. State, 113 So.3d 134 (Fla. 1st DCA 2013), and Williams v. State, 162 So.3d 36 (Fla. 1st DCA 2014), cases cited by Thompson, here there was no unequivocal statement that Thompson wanted to discharge his attorney. Thompson did not state that he wanted to a new attorney, he only raised a concern (immediately after being informed a continuance may be required) about having his attorney dismissed. While “[u]nder Nelson, when a defendant makes clear to the trial court that he desires to discharge his court-appointed counsel, the trial court should inquire as to the reason for the request,” see Nesmith v. State, 6 So.3d 93, 94 (Fla. 1st DCA 2009), a Nelson inquiry is not required where it is not clear that a defendant is seeking to discharge counsel. Davis v. State, 703 So.2d 1055, 1058 (Fla.1997); see also Holley v. State, 877 So.2d 893 (Fla. 1st DCA 2004). “Similarly, a trial court does not err in failing to conduct a Nelson inquiry where the defendant merely expresses dissatisfaction with his attorney.” Morrison v. State, 818 So.2d 432, 440 (Fla.2002).
Second, when read in context, the request was not concerning ineffective counsel, but was instead an attempt to prevent a continuance. Thompson mentioned the nineteen months he was awaiting trial right after his attorney informed Judge Arnold that a continuance may be necessary The Florida Supreme Court “has consistently found a Nelson hearing unwarranted where a defendant presents general complaints about defense counsel’s trial strategy and no formal allegations of incompetence have been made.” Morrison, 818 So,2d at 440. The decision whether to seek a continuance is an area of trial strategy which an attorney can undertake, without consent of a client and without being deemed incompetent, and no Nelson hearing is necessary if a defendant’s complaints concern only reasonable trial strategy. McKenzie v. State, 29 So.3d 272 (Fla.2010). “Moreover, strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel’s decision was reasonable under the norms of professional conduct.” Occhicone v. State,. 768 So.2d 1037, 1048 (Fla.2000).
Third, even if Thompson’s statement at the October 3, 2013, hearing could be construed as an unequivocal desire to discharge his trial attorney for ineffective assistance, any issue concerning Thompson’s attorney was waived by Thompson not raising it at the various opportunities he had before Judge Bass. No written motion was ever filed concerning Thompson’s trial attorney. Thompson had the ability to file a pro se motion, as shown by other unrelated motions he filed in the case.[2] Thompson clearly had to know that a different judge from Judge Arnold was *457 presiding at trial and did not bring any concerns about his attorney to the attention of Judge Bass. Thompson had numerous opportunities to address any concerns to Judge Bass. By proceeding to trial without calling any concerns to Judge Bass’ attention, any potential Nelson issue was waived. See Hall v. State, 92 So.3d 223, 225-226 (Fla. 4th DCA 2012) (holding issue of the failure to hold preliminary Nelson inquiry not preserved because defendant never called the pro se motion to the trial court’s attention, never asked for a hearing on the motion, and proceeded to trial with the same court-appointed counsel without voicing any objection); Sheffield v. State, 769 So.2d 493 (Fla. 4th DCA 2000); Tomas v. State, 126 So.3d 1086 (Fla. 4th DCA 2012).
This Court has recognized, that a defendant waives a Nelson issue by not bringing it to the attention of the trial court. See Kott v. State, 518 So.2d 957 (Fla. 1st DCA 1988) and Parker v. State, 570 So.2d 1053 (Fla. 1st DCA 1990). Furthermore, in Sweet v. State, 624 So.2d 1138, 1141 (Fla.1993), the Florida Supreme Court held that even when the defendant had unequivocally requested discharge of appointed counsel and the trial court failed to conduct an adequate Nelson hearing following that request, “the failure was rendered moot by [defendant’s] subsequent acceptance of and satisfaction -with new counsel and by the dissipation of his reason for wanting counsel removed.” When Judge Bass inquired if Thompson was in agreement with everything, he stated that he was. He cannot now complain after the fact when he received an unfavorable verdict.
Judge Arnold did not err by failing to conduct a Nelson hearing at the October 3, 2013, pretrial conference, and even if he did, any claim of ineffective assistance of counsel was waived by Thompson proceeding to trial without voicing any objection to Judge Bass. We find all of Thompson’s remaining issues to be without merit.
AFFIRMED.
WOLF and WETHERELL, JJ., concur.

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).

. Thompson filed a motion for release on July 11, 2012, alleging that he had not yet been arraigned. That motion was a nullity since he was represented by counsel. He also filed a motion for direct appeal. Thompson’s trial counsel also timely filed a notice of appeal.