# Third District Court of Appeal

## State of Florida

Opinion filed July 13, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-3178
Lower Tribunal No. 12-20107

_____


**Karaka Andreau Campbell,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Victoria R. Brennan, and Marisa Tinkler-Mendez, Judges.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Brent J. Kelleher, Assistant Attorney General, for appellee.


Before ROTHENBERG, LAGOA, and SALTER, JJ.

LAGOA, J.

Karaka Andreau Campbell ("Campbell") appeals from the trial court's order denying his pro se motion for a Nelson[1] hearing as legally insufficient. While we agree that the trial court erred in failing to conduct a preliminary Nelson inquiry and denying Campbell's motion in chambers, we nonetheless affirm as Campbell's claim became moot when he accepted new counsel prior to trial. Sweet v. State, 624 So. 2d 1138 (Fla. 1993). Accordingly, we affirm the trial court's order.

I.     FACTUAL & PROCEDURAL HISTORY

The State charged Campbell with two counts of burglary of an occupied dwelling stemming from an August 11, 2012, incident where he attempted to enter automobiles parked on private property. On June 24, 2013, Campbell filed a motion for a Nelson hearing, seeking to discharge his assistant public defender, Akivia Bassaragh ("Bassaragh"), and have new counsel appointed. The motion reads in full as follows:

> Comes now Karaka Campbell, defendant, pro se, pursuant to the Sixth Amendment to the United States Constitution and moves the court for a Nelson Hearing an [sic] determination considering ineffective assistance of counsel. In support thereof defendant states the following:
> (1) That trial counsel has failed to protect defendants [sic] procedural safeguards and constitutional rights by failing to investigate and assert plausible lines of defenses to wit:
> Counsels [sic] waiver and failure to file a motion to dismiss pursuant to Fla. R. Crim. P. 3.191(c)(4) [sic].[2]

---

[1] Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973).
[2] Rule 3.191(c)(4) does not exist.

2

(2) That defendant has standing to move for dismissal of charges and counsel's failure to timely file the 3.191(c)(4) [sic] motion is considered a waiver.

Wherefore defendants [sic] prays the court will conduct a Nelson in order to determine whether counsel has waived rights afforded to him and whether counsels [sic] representation is in accordance with the Sixth Amendment to the U. S. Constitution.

On June 28, 2013, the trial court denied Campbell's motion for a <u>Nelson</u> hearing in chambers as "legally insufficient." During the five-month period between the denial of Campbell's motion and the start of Campbell's trial, Bassaragh conducted discovery and filed pretrial motions on Campbell's behalf, including a demand for speedy trial in both August 2013 and November 2013.[3] On December 3, 2013, the first day of Campbell's trial, assistant public defenders Robert Valdes ("Valdes") and Elsa Hernandez ("Hernandez") replaced Bassaragh and represented Campbell during his trial and subsequent proceedings. Notably, Campbell proceeded to trial without voicing any objection to Valdes or Hernandez. A jury found Campbell guilty of both counts of burglary and Campbell was sentenced to fifteen years and one day in state prison. This appeal followed.

II.  <u>ANALYSIS</u>

Campbell asserts that the trial court's summary denial of his motion for a <u>Nelson</u> hearing as legally insufficient is per se reversible error. Specifically,

_____

[3] Campbell was represented by assistant public defender Julia Izquierdo, rather than by Bassaragh, at hearings held on September 9th and 10th, 2013.

Campbell claims that his motion presents a legally sufficient claim of ineffective assistance of counsel that the trial court was obligated to investigate. We review

> whether a trial court conducted an adequate <u>Nelson</u> inquiry for an abuse of discretion. Generally, the trial court's ruling may also be reviewed to determine whether the error was harmless. However, a court's failure to conduct any preliminary <u>Nelson</u> hearing is per se error such that a harmless error test does not apply.

<u>Torres v. State</u>, 42 So. 3d 910, 912 (Fla. 2d DCA 2010) (citations omitted).

In <u>Hardwick v. State</u>, 521 So. 2d 1071, 1075 (Fla. 1988), the Florida Supreme Court adopted <u>Nelson</u> as the proper standard when a defendant maintains that appointed counsel is ineffective and requests that new counsel be appointed. <u>Nelson</u> requires that

> where a defendant . . . makes it appear to the trial judge that he desires to discharge his court appointed counsel, the trial judge, in order to protect the indigent's right to effective counsel, should make an inquiry of the defendant as to the reason for the request to discharge.

<u>Nelson</u>, 274 So. 2d at 258.

The mere expression of a desire to discharge appointed counsel necessitates an inquiry "as to the reason for the request to discharge." <u>Id.</u>; <u>see also</u> <u>Marti v. State</u>, 756 So. 2d 224, 229 (Fla. 3d DCA 2000) ("Clearly, <u>Nelson</u> contemplates an immediate dialogue with a defendant who makes the motion."). Where the reason for the desired discharge is counsel's alleged incompetence, the court "should make a sufficient inquiry of the defendant and his appointed counsel to determine

4

whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant." Nelson, 274 So. 2d at 259. "It is at this point that the extent of the inquiry will be governed by the specificity of the defendant's claim as to his lawyer's incompetence." Marti, 756 So. 2d at 229 (citing Lowe v. State, 650 So. 2d 969 (Fla. 1994)). Significantly, however, a trial court need not make a Nelson inquiry where a defendant merely expresses dissatisfaction with his attorney or makes generalized complaints about defense counsel's trial strategy. Morrison v. State, 818 So. 2d 432, 440 (Fla. 2002).[4]

In the present case, Campbell took issue with the fact that his public defender had not filed a motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4). On its face, the motion cited Nelson and requested substitute counsel because Campbell believed his current trial counsel was ineffective. That ineffectiveness, according to Campbell, stemmed from counsel's representation—specifically, counsel's failure to file the motion to dismiss. Campbell's motion for a Nelson hearing was facially sufficient, as it made a clear and unequivocal statement that Campbell wished to discharge his appointed

---

[4] See also, e.g., Sexton v. State, 775 So. 2d 923, 931 (Fla. 2000) (defendant's disagreement with attorney's trial strategy and preparation did not support contention that attorney was incompetent); Dunn v. State, 730 So. 2d 309, 311 (Fla. 4th DCA 1999) ("[A] trial court does not err in failing to conduct an inquiry where the defendant does not make an unequivocal request for counsel's discharge or a formal allegation of incompetence, but merely expresses dissatisfaction with his counsel.").

counsel based on a detailed claim of incompetence.  See Malone v. State, 852 So.

2d 412, 416 (Fla. 5th DCA 2003) (holding that trial court's duty to perform Nelson

inquiry was triggered by defendant's request for substitute counsel based on

counsel's failure "to file certain requested motions").  Therefore, the trial court did

err in failing to conduct a Nelson inquiry and denying Campbell's motion in

chambers.

Nevertheless, the Florida Supreme Court held in Sweet that even when the

defendant had unequivocally requested discharge of appointed counsel and the trial

court failed to conduct a Nelson hearing following the request, "the failure was

rendered moot by [defendant's] subsequent acceptance of and satisfaction with

new counsel."  624 So. 2d at 1141 (citing Scull v. State, 533 So. 2d 1137, 1139-41

(Fla. 1988) (failure to adequately inquire into request to discharge attorney

rendered moot by defendant's subsequent expressions of satisfaction with

attorney's performance)); accord Thompson v. State, 174 So. 3d 453, 457 (Fla. 1st

DCA 2015) (adopting holding in Sweet).  We are not persuaded by defense

counsel's attempt to distinguish Sweet at oral argument.[5]  In Sweet, the defendant

_____

[5] At oral argument, defense counsel asserted that Sweet would only be applicable
to a situation where a defendant filed a motion for a Nelson hearing concerning his
or her counsel, but subsequently expressed satisfaction with the *same counsel*.
However, the facts of Sweet do not involve the same counsel.  The Florida
Supreme Court in Sweet explicitly stated, "Sweet ultimately proceeded to trial in
May of 1991 *with a different attorney*, and at his sentencing Sweet spontaneously
pronounced his satisfaction with counsel's performance."  624 So. 2d at 1141
(emphasis added).

6

ultimately proceeded to trial with a different attorney, and at his sentencing he spontaneously announced his satisfaction with counsel's performance. 624 So. 2d at 1141. Therefore, while the defendant in Sweet unequivocally requested discharge of his prior counsel at a pretrial hearing, and the trial court failed to conduct an adequate Nelson inquiry, the Supreme Court concluded that the trial court's error was rendered moot by the defendant obtaining subsequent representation from new counsel. Id. Indeed, the Sweet Court stressed that even where the trial court did make an adequate inquiry into the reason for the defendant's dissatisfaction with a different, prior attorney, "if the trial court had erred in its handling of this proceeding, the same analysis would apply . . . and any error would have been rendered moot." Id. at n.2.

The purpose of Campbell's Nelson motion was to obtain new counsel. At trial, Campbell was represented by two public defenders—other than Bassaragh. Campbell, therefore, received the relief he previously requested, despite the trial court's error. Our review of the record confirms that Campbell never brought any complaints regarding his new counsel to the trial court's attention. "[Campbell] cannot now complain after the fact when he received an unfavorable verdict." Thompson, 174 So. 3d at 457. Because Campbell's motion was rendered moot by his subsequent acceptance of and satisfaction with new counsel, we affirm.

Affirmed.

7